UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 24-mj-2295 |
| | ) | |
| DAVID AARON BLOYED | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Henry C. Leventis, United States Attorney, and Joshua A. Kurtzman and Nani M. Gilkerson, Assistant United States Attorneys, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . any felony . . . that involves a crime of violence." 18 U.S.C. § 3142(f)(1)(A). The statement in support of the Criminal Complaint in this case describes that the Defendant committed a violation of 18 U.S.C. § 875(c), which is a crime of violence for the purposes of the Bail Reform Act. As articulated in a recent Order, Magistrate Judge Newbern articulated that "[c]ommunicating a threat in violation of 18 U.S.C. § 875(c) constitutes a 'crime of violence' for purposes of the Bail Reform Act." *United States v. Cooper*, No. 3:19-MJ-04254-1, 2019 WL 4259454, at *3 (M.D. Tenn. Sept. 9, 2019) (citing *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013)).

The underlying framework of Judge Newbern's decision is based upon the definition of a crime of violence in 18 U.S.C. § 3142, which is provided by 18 U.S.C § 3156(a)(4). Title 18 U.S.C.

§ 3156(a)(4) defines the term "crime of violence" as "(A) an offense that has [as] an element of the offense the use, attempted use, or *threatened use of physical force against the person or property of another*; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Gotti*, 219 F. Supp. 2d 296, 297–98 (E.D.N.Y.); *see also* 18 U.S.C. § 3156(a)(4).

The Statement in support of the Criminal Complaint in this case details a threat from the defendant to lynch the elected district of attorney of Nashville. The Defendant has threatened to kill the district attorney in this case but has also threatened to lynch a law enforcement officer in Texas in a currently uncharged case. These threats, just like the threat previously analyzed by Judge Newbern, constitute a crime of violence under the Bail Reform Act, thus entitling the United States to a detention hearing.

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By:      /s/ Nani Gilkerson
         JOSHUA A. KURTZMAN
         NANI M. GILKERSON
         Assistant U.S. Attorneys
         716 Church Street – Suite 3300
         Nashville, Tennessee 37203

2

Case 3:24-cr-00189    Document 3    Filed 09/25/24    Page 2 of 3 PageID #: 16

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically via CM/ECF on September 25, 2024.

                                    */s/ Nani Gilkerson*
                                    NANI M. GILKERSON