UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:24-cr-00189 |
| v. ) | JUDGE CRENSHAW |
| ) | |
| DAVID AARON BLOYED ) | |

## MOTION TO EXCLUDE MNPD AND ADL REPORTS

The defendant, David Bloyed, asks the Court to exclude the two documents listed in the Government's proposed exhibit list – Metro Nashville Police Department (MNPD) Criminal Intelligence Analysis Unit Informational Bulletin dated May 24, 2024 and a report dated June 7, 2024 from the Anti-Defamation League (ADL) Center on Extremism pertaining to the Goyim Defense League Name the Nose Tour in Tennessee (listed as Exhibits 1 and 3 in the Government's filing). (D.E. 58) These reports consist largely of hearsay-within-hearsay and are therefore inadmissible under Rule 802 of the Federal Rules of Evidence. It is also unclear whether the factual assertions in the reports are based on the declarant's personal knowledge, making them inadmissible under Rule 602. Much of the material in the reports is also irrelevant and therefore inadmissible under Rule 402.

### Facts

The MNPD report states that "[t]he Anti-Defamation League notified the Metro Nashville Police Department – Criminal Intelligence Analysis Unit about an event that is possibly taking place in or around the Nashville area in the month of June." It describes the history, practices, and ideology of the Goyim Defense League

(GDL), including something called "City Council Death Squad." It features photographs from protests staged by the Goyim Defense League in which Mr. Bloyed was not involved. It also features a list of crimes committed by members of the Goyim Defense League, none of them Mr. Bloyed.

The ADL report similarly describes the history, practices, and ideology of the GDL. Like the MNPD report, it does not state the declarant's basis of knowledge for the information included in the report. It describes the GDL as "hostile to law enforcement" and describes actions taken against the police by members of the GDL. In a section labeled, "Primary GDL organizers and active associates," it offers photographs and names of various purported GDL members, including Mr. Bloyed. The report does not state how the author has identified these individuals as GDL members.

## Argument

These reports are inadmissible under Rules 402, 602, and 802 of the Federal Rules of Evidence because they are irrelevant to this case, they do not appear to be based on the author's direct personal knowledge, and they consist primarily of hearsay and hearsay-within-hearsay. Defense counsel was surprised to see these reports in the Government's exhibit list, as they are clearly inadmissible.

Respectfully submitted,

/s/ *Will Allensworth*
WILL ALLENSWORTH (BPR# 030735)
Assistant Federal Public Defender
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
615-736-5047
Will_Allensworth@fd.org
Attorney for David Aaron Bloyed

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically filed the foregoing Motion to Exclude MNPD and ADL Reports with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to: Joshua Kurtzman and Philip Wehby, Assistant United States Attorneys, 719 Church Street, Suite 3300, Nashville, Tennessee 37203.

/s/ *Will Allensworth*
WILL ALLENSWORTH