UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:24-cr-00189 |
| v. ) | JUDGE CRENSHAW |
| ) | |
| DAVID AARON BLOYED ) | |

**MOTION TO DETERMINE RELEVANCE OF**
**EVIDENCE FOUND DURING SEARCH OF DEFENDANT'S HOME**

The defendant, David Bloyed, respectfully asks the Court to make a pretrial ruling on the relevance of the evidence discovered by FBI agents during a search of Mr. Bloyed's home in connection with this case. The agents who conducted the search are assigned to the FBI Dallas North Texas Joint Terrorism Task Force. The agents identified and seized three items of possible evidentiary value: an Optiplex 3020 intel Dell PC with panel removed and power cord; an Asus black laptop serial # ECN0CX20729449C; and an iPhone charging cord. Although the agents found a pellet rifle, they did not find any actual firearms or other weapons.

Mr. Bloyed seeks to prove at trial that, when they searched his home, the agents found no weapons or evidence that Mr. Bloyed was preparing to carry out the purported threats at issue in this case. The defense's position is that, even if the intent or ability to carry out a threat is not an element of the offense, it is still relevant to whether the defendant transmitted the communication for the purpose of making a threat. *See, e.g., United States v. McCain,* No. 21-2982, 2023 WL 2335332 (2nd Cir. Mar. 3, 2023)(evidence that defendant charged under 18 U.S.C. § 875(c) for

threatening to shoot victim had access to a rifle was admissible to show he intended to make a genuine threat); *United States v. Stevens*, 881 F.3d 1249, 1256 (10th Cir. 2018)("[W]e may consider the speaker's apparent intention or ability to carry out the threat in determining whether the communication was a true threat. . . ."); *United States v. Dutcher*, 851 F.3d 757, 761-62 (7th Cir. 2017)(holding that defendant's lack of capacity to carry out threat to kill the president was relevant to whether threats were genuine but not a bar to conviction).

The defense does not, however, want to unnecessarily compel the presence of an agent from Texas to testify about facts that are not in dispute. The Government maintains that the results of the search are not relevant because it is not required to prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made. The defense and the Government have agreed that, if the Court rules that this evidence is relevant, the parties will stipulate as to the results of the search. The Government will make a separate filing challenging the relevance of the results of the search.

Thus, the defense asks the Court to make a pretrial ruling on this issue.

Respectfully submitted,

/s/ *Will Allensworth*
WILL ALLENSWORTH (BPR# 030735)
Assistant Federal Public Defender
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
Will_Allensworth@fd.org
Attorney for David Aaron Bloyed

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, I electronically filed the foregoing Motion to Determine Relevance of Results of Search of Defendant's Home with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to: Joshua Kurtzman and Philip Wehby, Assistant United States Attorneys, 719 Church Street, Suite 3300, Nashville, Tennessee 37203.

/s/ *Will Allensworth*
WILL ALLENSWORTH