IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:24-cr-00189 |
| | ) | |
| DAVID AARON BLOYED | ) | JUDGE CRENSHAW |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE
CONCERNING THREATENING NATURE OF SOCIAL MEDIA POSTS**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and responds to the defendant's motion in limine "to exclude MNPD and ADL Reports." (DE #67.) The defendant asserts that the offered reports are not relevant, the witness lacks personal knowledge regarding the documents, and the documents are hearsay. The United States avers that the defendant is incorrect on all fronts.

First, the two offered reports are relevant as they each discuss the activities of the Goyim Defense League ("GDL") in Nashville in July 2024. Under Federal Rule of Evidence 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Unless expressly prescribed by another evidential rule, relevant evidence is admissible. *Fischer v. United States*, 608 F. Supp. 3d 533, 537–38 (E.D. Mich. 2022) (citing *Frye v. CSX Transp., Inc.*, 933 F. 3d 591, 599 (6th Cir. 2019)); *see also* Fed. R. Evid. 402. Here, the two offered reports are relevant because they provide background information on information known to law enforcement immediately before and while the defendant was engaged in criminal conduct and provide insight as his to his motive and intent for support a fellow member of GDL who was charged with a crime. Consequently, the two offered reports are relevant.

Second, the defendant baselessly asserts that the witness has no personal knowledge regarding the two offered reports/exhibits. This is not the case. Supervisory Analyst Hambrick, the witness who will testify regarding these documents, has extensive knowledge regarding both of these documents. Analyst Hambrick drafted the Metro Nashville Police Department ("MNPD") Informational Bulletin that was issued on May 24, 2024. *See* Docket Entry #67-1. After a proper foundation is provided, Analyst Hambrick certainly has sufficient personal knowledge to discuss a document that she drafted and then provided to MNPD personnel in advance of GDL activities in Nashville in June and July 2024. Likewise, Analyst Hambrick reviewed the ADL Report, filed at Docket Entry 67-2, and has personal knowledge regarding its contents based upon her position with the MNPD. As such, the witness who will discuss these materials has the necessary personal knowledge to testify regarding the contents of these two reports.

Third, neither of the documents constitute impermissible hearsay. With respect to the MNPD Informational Bulletin, Federal Rule of Evidence 803(8) excludes from the hearsay rule certain public records, and expressly contemplates the admissibility of investigative reports such as the MNPD Informational Bulletin in this case that sets out "a matter observed while under a legal duty to report," including "factual findings from a legally authorized investigation." The hearsay exception set forth in Rule 803(8) is based upon the assumption that public officers will perform their duties, that they lack motive to falsify, and that public inspection to which many such records are subject will disclose inaccuracies. *Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *8 (E.D. Mich. June 13, 2012) (citing 5 Wigmore, Evidence § 1632 at 618–21 (Chadbourn rev.1974)). Under the Rule, a public record is not excluded by the hearsay rule if it is a record, report, statement, or data compilation if (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter

2

observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the source of information nor other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). The guarantee of accuracy of public records admissible under Rule 803(8) depends on "the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Fed. R. Evid. 803, advisory committee note to Paragraph (8). As noted, Rule 803(8) presumes the admissibility of an investigator's findings "unless the sources of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(C); see also Fed. R. Evid. 803(8) advisory committee note (stating that the Rule "assumes admissibility in the first instance but with ample provision for escape if significant negative factors are present.").

Another exception to the hearsay rule that applies is this business records exception. Business records are properly admitted under the business records exception to the hearsay rule if they satisfy four requirements: (1) they must have been made in the course of regularly conducted business activities; (2) they must have been kept in the regular course of business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge. *Cobbins v. Tennessee Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009); *see also* Fed. R. Evid. 803(6).

Here, the MNPD Informational Bulletin was prepared in the course of Analyst Hambrick's duties and not in preparation for a criminal case. Rather, this report was prepared to provide information to members of the MNPD on what could be expected while GDL members were in

Nashville. As the MNPD Informational Bulletin meets both of these exceptions to the hearsay rule, the Court should deny the defendant's motion as it pertains to the MNPD Informational Bulletin.[1]

CONCLUSION

For the reasons outlined above, the Defendant's Motion in Limine (DE # 67) should be denied.

Respectfully Submitted,

ROBERT E. MCGUIRE
ACTING UNITED STATES ATTORNEY

*s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant United States Attorney
719 Church Street, Suite 3000
Nashville, TN 37203
615-736-5151 phone

---

[1] With respect to the report prepared by the Anti-Defamation League, hearsay exceptions apply that make this document admissible, but at this time, the United States only intends to use that document if it is necessary to refresh a witnesses recollection.

4