IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:24-cr-00189 |
| | ) | |
| DAVID AARON BLOYED | ) | JUDGE CRENSHAW |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DETERMINE RELEVANCE OF EVIDENCE FOUND DURIGN SEARCH OF DEFENDANT'S HOME

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and responds to the defendant's motion regarding the relevance of materials found during the search of his residence. (DE #71.) The defendant asserts that the lack of weapons at his house is relevant to present to the jury. The United States contends that the defendant is incorrect, and evidence related to the search warrant is irrelevant for three reasons. First, the Sixth Circuit Pattern Jury Instructions dictate that this ability to carry out a threat is not an element of the offense. Second, Sixth Circuit courts have previously deemed this sort of evidence inadmissible and irrelevant in a threat prosecution. Third, the lack of a firearm is completely irrelevant as the defendant expressed a desire to lynch, not shoot, the District Attorney.

First, the Sixth Circuit Pattern Jury Instructions explicitly outline that the evidence related to the search warrant of the defendant's residence is not relevant. Sixth Circuit Pattern Jury Instructions dictate that there are four elements to this offense: (1) the defendant knowingly transmitted a communication; (2) the communication contained a threat to injure a particular person; (3) the defendant transmitted the communication for the purpose of making a threat or knowing the communication would be viewed as a threat; and (4) the communication was transmitted in interstate commerce. *See* Sixth Circuit Pattern Jury Instructions, *available at* https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%2018_0.pdf.

The pattern instructions then outline that "[t]he government need not prove that the defendant intended to carry out the threat or *was capable of carrying out the threat at the time it was made . . ." Id.* Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, the pattern instructions explicitly outline that it is not a fact of consequence whether or not the defendant was capable of carrying out the threat at the time it was made. Accordingly, the evidence at issue her is not relevant and therefore not admissible.

Second, Sixth Circuit precedent likewise supports the principle that a defendant's ability to carry out a threat is not relevant. In *Howard,* the Sixth Circuit outlined that it has "consistently upheld convictions based on an expression of subjective intention to threaten the victim, even if the threat is not feasible for the defendant to carry out, or the defendant does not have an ability to do so." *United States v. Howard*, 947 F.3d 936, 949 (6th Cir. 2020) (citing *United States v. Houston*, 683 F. App'x 434, 439 (6th Cir. 2017)). Like in *Howard,* the defendant's ability to effectuate the lynching of the district Attorney is inconsequential.

Third, any discovery of weapons in the defendant's residence bears absolutely no relation to the threat at issue here. The defendant did not express a desire to shoot the District Attorney. Instead, he outlined that he was adding the District Attorney to the "Rope List," meaning that he wanted the District Attorney lynched because he charged a member of the Goyim Defense League with a crime. The weapon at issue here would be rope, not a firearm. Accordingly, evidence that the defendant did not possess a firearm is completely irrelevant.

2

Case 3:24-cr-00189    Document 80    Filed 04/27/25    Page 2 of 3 PageID #: 611

CONCLUSION

For the reasons outlined above, the Defendant's to Determine Relevance (DE # 71) should be denied.

Respectfully Submitted,

ROBERT E. MCGUIRE
ACTING UNITED STATES ATTORNEY

*s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant United States Attorney
719 Church Street, Suite 3000
Nashville, TN 37203
615-736-5151 phone